# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REYNA E. MCKINNEY, | § | |
| *Plaintiff,* | § | Civil Action No. SA-19-CV-674-XR |
| v. | § | |
| WELLS FARGO BANK, N.A., | § | |
| *Defendant.* | § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's Motion to Dismiss (docket no. 3). Although Plaintiff did not respond, the Court will evaluate the motion and applicable law. After careful consideration, Defendant's motion is GRANTED.

## BACKGROUND

In April, Plaintiff Reyna McKinney's first lawsuit to prevent foreclosure was dismissed by Judge Orlando Garcia. *See Williams v. Wells Fargo Financial, Texas, Inc.*, No. 5:18-CV-61-OLG, ECF No. 7. She brought this first case in state court on December 31, 2018, it was removed to federal court on January 24, 2019, and Wells Fargo's Motion to Dismiss was granted on April 9. Judge Garcia's order dismissed her petition with leave to amend, but McKinney did not file an amended complaint.

Instead, two months later, she brought this substantially similar case. On June 3, McKinney filed her Original Petition in the 45th Judicial District Court of Bexar County, Texas. Docket no. 1-1. Defendant Wells Fargo Bank, N.A. removed to this Court on June 13. Docket no. 1.

McKinney here attempts to prevent foreclosure sale—noticed for June 4—of real property at 4310 Wildt Road, San Antonio, Texas 78222. McKinney purchased this property with a Home

1

Equity Loan of $31,450.09 secured by a Texas Home Equity Security Instrument against this property. McKinney acknowledges, in her petition, that she defaulted on payment obligations. She states no independent cause of action but seeks injunctive relief. Her grievance, it appears, is that "Defendant has failed to act in good faith; it has noticed acceleration of Plaintiff's indebtedness against her said homestead and posted same for foreclosure said, having failed to negotiate fairly and justly toward fixing the extent of and curing any default." Docket no. 1-1 at 5. She alleges she can satisfy her debt obligation through financing or her equity in the property. *Id.*

On June 19, Defendant filed the Motion to Dismiss now before the Court. Docket no. 3. Although Plaintiff's response deadline has passed, Plaintiff did not file a response.

**DISCUSSION**

**I. Legal Standard**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Application

As an initial matter, the Court agrees with Defendant that McKinney's petition states no cause of action. Assuming for argument that the petition could be construed liberally as bringing a claim for breach of contract—as her earlier case did—this claim would fail. Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). However, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached," *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), and once that specific provision is identified, Plaintiff must state how it was breached by alleging enough facts to state a plausible breach-of-contract claim, *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015). Plaintiff does not identify any specific provision breached. Thus, to the extent she brings a breach of contract claim, that claim is dismissed.

Plaintiff does seek injunctive relief. However, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet)). Since Plaintiff brings no viable substantive claim, injunctive relief is not appropriate here.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (docket no. 3) is GRANTED. Given Plaintiff's proclivity for litigation—as seen in her bringing a new suit two months after her last suit's dismissal, despite her failure to take the opportunity to amend that was provided in the

earlier suit—Defendant asks that the case be dismissed with prejudice. The Court agrees. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

SIGNED this 23rd day of July, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE